**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETROS HAKOBYAN, | No. 08-73252 |
| Petitioner, | Agency No. A097-864-522 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Petros Hakobyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We deny the petition for review.

Hakobyan testified regarding a hit-and-run incident in which Hakobyan's daughter was struck by a car while crossing the street, and to the alleged poisoning of his wife and daughters, but his original declaration submitted with his asylum application does not mention these incidents. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (additional incidents recounted in petitioner's subsequent written statements and testimony materially altered the account of persecution sufficiently to support an adverse credibility finding). Hakobyan's explanations of the inconsistencies and omission do not compel a contrary result. *See id.* at 974 (explanation did not compel belief "in light of the importance of the omitted incidents to his asylum claim"). Accordingly, in the absence of credible testimony, we deny the petition as to Hakobyan's asylum and withholding of removal claims.

Substantial evidence also supports the agency's denial of CAT relief because Hakobyan's CAT claim relies on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel a finding that it is more likely than not he would be tortured by or with the

acquiescence of the government if returned to Armenia. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003). Accordingly, Hakobyan's CAT claim fails.

Hakobyan's remaining contentions are not supported by the record.

**PETITION FOR REVIEW DENIED.**